Lloyd Ambinder (LA 4122)
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd PLLC
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REMIGIUSZ NAWROCKI and LESZEK BRZOZOWSKI, individually and on behalf of all other persons similarly situated who were employed by CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR, | |
| | Plaintiffs, |
| -against- | |
| CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR, | |
| | Defendants. |

**CV 08    3153**

Index No.

**VITALIANO, J.**

**CLASS ACTION COMPLAINT**

POLLAK, M.J



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 01 2008 ★

BROOKLYN OFFICE

Plaintiffs REMIGIUSZ NAWROCKI and LESZEK BRZOZOWSKI, on behalf of themselves and the putative class of similarly situated individuals, by their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC, allege as follows:

**NATURE OF ACTION**

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law § 633; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2; and 12 NYCRR 142-2.4, to recover unpaid overtime and spread of hours compensation owed to REMIGIUSZ NAWROCKI and LESZEK BRZOZOWSKI, and all similarly situated persons

who are presently or were formerly employed by Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR (collectively the "Defendants").

2.  Beginning in approximately 2007 and, upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of 8 hours per day, without providing overtime compensation or spread of hours compensation as required by applicable federal and state law.

3.  Under the direction of Defendants' corporate director LUKE CZACHOR, Defendants instituted this practice of depriving their employees of statutory compensation for work performed in excess of 40 hours per week, depriving their employees of hourly compensation for all hours worked, and spread of hours compensation, as mandated by federal and state law.

4.  The named Plaintiffs have initiated this action seeking compensation for themselves and on behalf of all similarly situated employees to seek earned but unpaid compensation, including unpaid overtime, spread of hours compensation, hourly compensation for all hours worked, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5.  Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

6.  The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

7.  The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

8.     Venue for this action in the Eastern District of New York under 28 U.S.C. §139(b) is appropriate because Defendants reside in the Eastern District of New York.

## THE PARTIES

9.     Plaintiffs and other members of the putative class are individuals residing in the State of New York who performed labor for the Defendants.

10.     Upon information and belief, Defendant CRIMSON CONSTRUCTION CORP., ("Crimson") is a corporation incorporated under the laws of the State of New York, with its principal location at 240 North Henry Street, Brooklyn, N.Y. 11222.

11.     Upon information and belief, Defendant SKYNEAR SERVICES, LLC. ("Skynear") is a corporation incorporated under the laws of the State of New York, with its principal location at 472 Humbolt Street, Brooklyn, N.Y. 11211

12.     Upon information and belief, LUKE CZACHOR is a resident of New York, residing at 240 North Henry Street, Brooklyn, N.Y. 11222, and is the owner, principal shareholder and/or director of Skynear and Crimson.

## CLASS ALLEGATIONS

13.     This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules, Rule 23 of the Federal Rules of Civil Procedure, (hereinafter referred to as the "FRCP"), and under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

14.     This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed construction related work for the Defendants.

15.     The putative class is so numerous that joinder of all members is impracticable.

16.     The size of the putative class is believed to be in excess of fifty (50) employees. In addition, the names of all potential members of the putative class are not known.

17.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

18.     The claims of Plaintiffs are typical of the claims of the putative class.

19.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FACTS**

21.     Upon information and belief, beginning in or about 2007, Defendants employed Plaintiffs and other members of the putative class to perform construction work.

22.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class were typically required to work in excess of eight hours each day, five to six days per week.

23.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class were typically required to work more than forty (40) hours per week.

24.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

-4-

25.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class did not receive spread of hours compensation for any hours they worked over ten on any given day.

26.     At all times relevant to this action, Defendant LUKE CZACHOR was an officer, president, owner and/or shareholder of Defendants CRIMSON CONSTRUCTION CORP., and SKYNEAR SERVICES, LLC, and dominated the day-to-day operating decisions and made major personnel decisions for CRIMSON CONSTRUCTION CORP., and SKYNEAR SERVICES, LLC.  Plaintiffs and other members of the putative class performed labor for the benefit of and at the direction of Defendant LUKE CZACHOR.

27.     Upon information and belief, Defendants LUKE CZACHOR was the principal executive and/or chief executive of Defendants CRIMSON CONSTRUCTION CORP., and SKYNEAR SERVICES, LLC. and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

28.     Upon information and belief, LUKE CZACHOR had complete control of the alleged activities of CRIMSON CONSTRUCTION CORP., and SKYNEAR SERVICES, LLC. respectively which gave rise to the claims brought herein.

**FIRST CAUSE OF ACTION
AGAINST DEFENDANTS --
FLSA OVERTIME COMPENSATION**

29.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 hereof.

30.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or

in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

32.     Plaintiffs and other members of the putative class are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

33.     Each named defendant is an "employer", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

34.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, LUKE CZACHOR is defined as "employer[s]" for the purpose of FLSA and, consequently, are liable for violations of FLSA.

35.     Upon information and belief, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC. and LUKE CZACHOR failed to pay Plaintiffs and other members of the putative class the minimum New York statutory wages for the time in which they worked in excess of the first forty hours in any given week.

36.     Upon information and belief, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC. and LUKE CZACHOR failed to pay Plaintiffs and other members of the putative class any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given

week.

37.     The failure of Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR

SERVICES, LLC. and LUKE CZACHOR to pay Plaintiffs and other members of the putative

class their rightfully owed wages and overtime compensation was willful.

38.     By the foregoing reasons, Defendants CRIMSON CONSTRUCTION CORP.,

SKYNEAR SERVICES, LLC and LUKE CZACHOR are liable to Plaintiffs and members of the

putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.


### SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS --
### FAILURE TO PAY WAGES

39.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 38

hereof.

40.     Pursuant to the Article Six of the New York Labor Law, workers, such as the

Plaintiffs and the members of the putative class are protected from wage underpayments and

improper employment practices.

41.     Pursuant to Labor Law § 190, the term "employee" means "any person employed

for hire by an employer in any employment."

42.     As persons employed for hire by Defendants CRIMSON CONSTRUCTION

CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR, Plaintiffs and the members of the

putative class are "employees," as understood in Labor Law §190.

43.     Pursuant to Labor Law § 190, the term "employer" includes any "person,

corporation, limited liability company, or association employing any individual in any

occupation, industry, trade, business or service."

44.     As an entity that hired the Plaintiffs and members of the putative class,

-7-

CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC. are "employers."

45.     Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, LUKE CZACHOR is an "employer".

46.     Plaintiffs' agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law §§ 190, 191.

47.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs and the putative class members, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

48.     In failing to pay Plaintiffs and other members of the putative class any wages and overtime payments for time worked after forty hours in one week, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR violated Labor Law § 191, by failing to pay Plaintiffs and the putative class member all of their wages earned within the week such wages were due.

49.     Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

50.     By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs and the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR made unlawful deductions in wages owed to Plaintiffs and the members of the putative class.

51.     Upon information and belief, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR failure to pay the Plaintiffs and the

putative class members wages and overtime payments for time worked in excess of forty hours in one week was willful.

52. By the foregoing reasons, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR have violated New York Labor Law §198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS --
### NEW YORK OVERTIME COMPENSATION LAW

53. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 52 hereof.

54. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

55. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

56. Upon information and belief, Plaintiffs and the members of the putative class worked more than forty hours a week while working for Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC. and LUKE CZACHOR.

57. Upon information and belief, Plaintiffs received not even the New York statutory minimum wages or overtime compensation for the hours worked after the first forty hours of work in a week.

58. Consequently, by failing to pay to Plaintiffs and the other member of the putative

class the minimum wages and overtime compensation for work they performed after the first forty hours worked in a week, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

59.     Defendants' failure to pay wages and overtime compensation for work they performed after the first forty hours worked in a week to Plaintiffs and the other member of the putative class was willful.

60.     By the foregoing reasons, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS --
### NEW YORK SPREAD OF HOURS LAW

61.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 60 hereof.

62.     12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

63.     Upon information and belief, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR required that Plaintiffs and the members of the putative class typically work more than ten hours in a day.

64.     Upon information and belief, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR did not pay Plaintiffs and the putative

class members an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day.

65.    Consequently, by failing to pay to Plaintiffs and the other member of the putative class an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR violated 12 NYCRR § 142-2.4.

66.    Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs and the members of the putative class after 10 hours in day was willful.

67.    By the foregoing reasons, Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiffs and the members of the putative class demand judgment:

(1) on their first cause of action, against all Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(3) on their third cause of action, against Defendants CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(4) on their fourth cause of action, against Defendants CRIMSON CONSTRUCTION

CORP., SKYNEAR SERVICES, LLC and LUKE CZACHOR in an amount to be determined at

trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
July 28, 2008

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD PLLC

By:_____
Lloyd Ambinder (LRA 4122)
*Attorneys for Plaintiffs*
*and the Putative Class*
Trinity Centre
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080