UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
REMIGUISZ NAWROCKI and LESZEK
BRZOZOWSKI, *individually and on behalf
of all other persons similarly situated as
purported class representatives*,

**ORDER**

08 CV 3153 (KAM)

Plaintiffs,

- against -

CRIMSON CONSTRUCTION CORP.,
SKYNEAR SERVICES, LLC, and
LUKE CZACHOR,

Defendants.
----------------------------------------------------------X

On July 8, 2009, plaintiffs submitted a proposed notice of pendency in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). On July 17, 2009, defendants submitted a letter detailing several objections to the proposed notice and attaching proposed modifications. On July 22, 2009, plaintiffs filed a reply letter addressing defendants' objections. The Court now reviews defendants' proposed changes. The Court hereby approves the attached Notice of Pendency and Consent to Joinder form, which are based on the parties' submissions with the changes described below.

A. Introductory Section

As to changes proposed by defendants in the introductory section (before the section labeled "Federal Claims"), plaintiffs dispute only the removal of defendant Luke Czachor's name from the first paragraph. Defendants contend that his name should be removed "to avoid confusion" because "he clearly was not the employer-in-fact of either the named plaintiffs or any

potential opt-in plaintiffs." Plaintiffs respond that Mr. Czachor is a named defendant in this action, that they have alleged that he qualifies as an employer and is individually liable to plaintiffs under the FLSA, and that defendants have submitted no evidence disputing their allegations that he is the principal and sole owner of both corporate defendants. The Court sees no risk of confusion by including Mr. Czachor's name, and in fact, given plaintiffs' allegations, it is possible that plaintiffs or those similarly situated would recognize him as their employer. It is therefore appropriate to include his name in the notice.

Given the statute of limitations applicable to FLSA claims, defendants correctly point out — and plaintiffs do not dispute — that the period referenced in the second paragraph should begin three years prior to the date of the notice. The changes made by defendants in their proposed notice properly reflect this concern. The parties also agree that the notice should be sent to all employees who commenced work for defendants on or after August 1, 2002. However, inclusion of the latter date in the notice could be confusing to potential plaintiffs, since it is the former date that will determine their possible eligibility for recovery in this action. This date therefore should not be included in the notice.

The introductory section shall thus appear as proposed by defendants except that the first paragraph shall read as follows:

> To: Individuals who have furnished labor to CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC, and/or LUKE CZACHOR, other than salaried supervisors, officers, executive, managerial or administrative personnel.

Additionally, for clarity, Mr. Czachor should be listed at every point in the notice where the other two defendants are listed. Thus, the phrase "CRIMSON CONSTRUCTION CORP.

2

and/or SKYNEAR SERVICES, LLC" should be replaced with "CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC, and/or LUKE CZACHOR" wherever it appears.

B. Federal Law Claims Section

The section labeled "Federal Law Claims" shall read as follows:

> If you worked for CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC, and/or LUKE CZACHOR at any time since [insert date 3 years prior to date of Notice], you may be entitled to certain protection under the Federal Fair Labor Standards Act for work performed in excess of 40 hours each week if you were not paid one and one-half times (1.5x) your regular hourly wage rate for those hours in excess of 40 hours each week.
>
> If you wish to participate in this portion of the lawsuit, you must send the enclosed written "Consent to Join Lawsuit" Form to the Clerk of the Court. If you do not sign and mail the "Consent to Join Lawsuit" form to the address listed below, you will not be permitted to seek recovery of unpaid wages under the Fair Labor Standards Act in this case.

C. Filing Consent to Joinder Form Section

Defendants propose several changes to this section. First, they argue that consent forms should be returned directly to the Clerk of the Court, not to plaintiffs' counsel, so as to ensure that potential opt-in plaintiffs are not "overly discouraged" from retaining separate counsel. Plaintiffs respond that they have collected consent forms in other, similar types of actions, and that allowing them to do so here would reduce the burden on the Court and allay any fears that any potential opt-ins who are undocumented aliens may have of providing their names and contact information to the Court.

The Court concludes that sending consent forms directly to the Clerk of the Court, a procedure followed in several other similar cases, is the most appropriate course of action. See

Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 84-85 (E.D.N.Y. 2008), R&R adopted, No. 06 CV 809 (E.D.N.Y. Apr. 24, 2008); Hallissey v. Am. Online, Inc., No. 99 CV 3785, 2008 U.S. Dist. LEXIS 18387, at *10-11 (S.D.N.Y. Feb. 19, 2008); Guzman v. VLM, Inc., No. 07 CV 1126, 2007 U.S. Dist. LEXIS 75817, at * 26-27 (E.D.N.Y. Oct. 11, 2007).

Defendants propose a 60-day time limit for submission of consent forms, while plaintiffs respond that a 90-day limit should be imposed to accommodate delays caused by some potential opt-in plaintiffs having moved since their employment with defendants. In similar cases, courts have imposed a 60-day time limit, and the Court finds a 60-day period reasonable and sufficient in this case. See Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d at 85; Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387, at *11-12.

Finally, defendants have proposed somewhat different wording regarding the potential opt-in plaintiffs' rights to obtain separate counsel. It is important to ensure that both the right of potential plaintiffs to obtain separate counsel and the availability of plaintiffs' counsel to provide further information are clearly communicated. See Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817, at * 22-24. The Court has considered the parties' proposed language, as well as the examples submitted by plaintiffs of language used in other cases, and approves the language set out below.

The "Filing Consent to Joinder Form" section shall therefore appear as proposed by defendants, except that the sentence in all capitals that reads "The last day to file the yellow consent to join lawsuit form is [insert date 60 days from date of Notice]" shall appear on a single page, and the last full paragraph of the notice shall appear as a new section labeled "Legal Counsel" which shall read as follows:

## **LEGAL COUNSEL**

You have a right to consult with or retain an attorney of your own choosing to represent you in this lawsuit.

Lloyd Ambinder, Esq., of Virginia & Ambinder, LLP, located at 111 Broadway, Suite 1403, New York, New York 10006, telephone number (212) 943-9080, facsimile number (212) 943-9082, represents the plaintiffs in this case. Should you choose to be represented by Virginia & Ambinder, LLP, you will not be required to pay any fee for services provided by plaintiffs' counsel. If you are represented by plaintiffs' attorneys, their costs and fees will be paid out of any recovery against CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC, and/or LUKE CZACHOR. For further information about this Notice, the deadline for joining the lawsuit, the form provided or answers to other questions concerning this lawsuit, you may contact the plaintiffs' attorney, Lloyd Ambinder, Esq., telephone number (212) 943-9080, facsimile number (212) 943-9082. If you require Spanish translation, please ask for Gina Redrovan or Yeskenia Polanco, or Polish translation, please ask for Maria Tokarz or Iwona Ner.

Accordingly, it is hereby Ordered that:

1) On or before thirty (30) days after entry of this Order, the plaintiffs or their designated representatives shall cause a copy of the Notice of Pendency and Consent to Joinder form attached to this Order to be mailed by first class mail to the named plaintiffs, and all other individuals who furnished labor to Crimson Construction Corp., Skynear Services, LLC, and/or Luke Czachor commencing on or after August 1, 2002, other than salaried supervisors, officers, executive, managerial or administrative personnel.

2) Such Notice of Pendency and Consent to Joinder form shall conform to the attached documents with the changes described in this Order. The Court finds that the mailing of such Notice substantially in the manner and form set forth in paragraph 1 of this Order will constitute

the best notice practicable under the circumstances to potential collective action opt-in plaintiffs.

3) Within 15 days after entry of this Order, defendants shall furnish plaintiffs' counsel with a list containing the names and last known addresses of all individuals employed by Crimson Construction Corp., Skynear Services, LLC, and/or Luke Czachor from August 1, 2002 through the present, to the extent that such information is in the defendants' possession. To the extent possible, this mailing list is to be furnished in electronic form.

4) The Notice of Pendency and Consent to Joinder shall be published in Spanish, Polish and English. Plaintiffs' counsel shall file with the Clerk of the Court a certification from the Spanish and Polish interpreters retained to translate the Notice of Pendency and Consent to Joinder.

**SO ORDERED.**

Dated: Brooklyn, New York
July 30, 2009

Cheryl L. Pollak
United States Magistrate Judge