# V&A

### VIRGINIA & AMBINDER LLP

TRINITY CENTRE
111 BROADWAY · SUITE 1403
NEW YORK, NEW YORK 10006

LADONNA M. LUSHER
DIRECT DIAL: (212) 571-2513
llusher@vandallp.com

TELEPHONE (212) 943-9080
TELECOPIER (212) 943-9082

NEW YORK
NEW JERSEY
www.vandallp.com

January 19, 2010

**VIA ECF**
Honorable Cheryl Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Nawrocki, et al. v. Crimson Construction Corp., et al.**
                  **08 Civ. 3153 (KAM)(CLP)**

Dear Judge Pollak:

      This firm is legal counsel to Plaintiffs and a putative class in the above referenced litigation. I write to request permission to send a notice to class members who have filed a Consent to Join Collective Action form ('opt-in form") in this action clarifying their pro se status as opt-in participants.

      Pursuant to the Court's July 30, 2009 Order, Plaintiffs circulated the enclosed Notice of Pendency to former employees of Defendant advising them of their right to seek unpaid wages under the Fair Labor Standards Act. See Notice attached hereto as Exhibit A. To date, forty-seven (47) individuals have opted into the FLSA portion of this lawsuit.

      Some of the 47 opt-in participants contacted my firm seeking assistance in filing the opt-in form. The remaining workers filed their form with the Clerk of the Court, as instructed by the Notice. The Clerk of the Court listed these individuals as Pro Se Plaintiffs on the Court's docket, despite the Notice indicating that my firm is appearing as "plaintiffs' attorneys".

      At a conference held on January 7, 2010, Your Honor discussed the issue of legal representation for these individuals, and the fact that they are listed as Pro Se Plaintiffs. During this conference, Plaintiffs' counsel was admittedly baffled because we thought we represented all individuals who had opted into this action, unless the opt-in Plaintiff specifically stated our firm's representation was not desired.

Specifically, my confusion resulted from our admitted failure to include language in the opt-in form allowing the potential opt-in Plaintiffs to appoint our firm as counsel. This was an inadvertent drafting mistake on behalf of our firm, as we always include language allowing potential opt-in Plaintiffs to appoint our firm as their counsel. See attached Exhibit B, which is an example of a Court approved consent to joinder form we normally distribute.

During the course of the past several months I have spoken with many opt-in plaintiffs. It is clear to me that many of these Pro Se Plaintiffs consider our firm to be representing them in this matter, and/or are waiting for someone to contact them regarding their claims. On January 8, 2010, I was contacted by opt-in Plaintiff Roderick Compass who inquired about the status of the case. Mr. Compass wondered why no one had contacted him regarding his claim, and explained that other opt-in Plaintiffs he knew had the same concern. When specifically asked why these other individuals had not contacted my firm, Mr. Compass stated that they thought someone from my firm would contact them. Mr. Compass further stated, that he remembered seeing my firm's telephone number on the Notice sent to him, and decided to call and inquire about the status of the case.

Examining the language of the Notice, it is understandable why opt-in Plaintiffs would reasonably assume that my firm is representing them in this action. Page three of the Notice identifies my firm as Legal Counsel. Indeed, under the heading Legal Counsel, it states:

> Lloyd Ambinder, Esq., of Virginia & Ambinder, LLP, located at 111 Broadway, Suite 1403, New York, New York 10006, telephone number (212) 943-9080, facsimile number (212) 943-9082 **represents the plaintiffs in this case**. Should you choose to be represented by Virginia & Ambinder, LLP, you will not be required to pay any fee for services provided by plaintiffs' counsel. If you are represented by **plaintiffs' attorneys**, their costs and fees will be paid out of any recovery against CRIMSON CONSTRUCTION CORP., SKYNEAR SERVICES, LLC, and/or LUKE CZACHOR. For further information about this Notice, the deadline for joining the lawsuit, the form provided or answers to other questions concerning this lawsuit, **you may contact the plaintiffs' attorney**, Lloyd Ambinder, Esq., telephone number (212) 943-9080, facsimile number (212) 943-9082.

See Court-approved Notice, p.3 (emphasis added).

While it is true that the Notice informs potential opt-in Plaintiffs that they have the right to consult with and/or retain any attorney of their own choosing to represent them in this lawsuit, the Notice clearly identifies my firm as the attorneys representing the Plaintiffs. Such language is customarily included in FLSA notices. It is however understandable why Mr. Compass and his friends assume we are representing their claims.

In light of the foregoing, Plaintiffs' counsel respectfully requests this Court issue an Order allowing Plaintiffs' counsel to contact only the individuals listed as Pro Se Plaintiffs on the Court's Docket to inform them of their current Pro Se status. Specifically, Plaintiffs' counsel seeks permission to send the attached letter to the 42 opt-in Plaintiffs designated as Pro Se, and

give these individuals the opportunity to select my firm as their legal counsel, and/or notify them of their right to consult with another attorney. This is a limited publication. The letter will not be mailed to any other putative class member. See letter attached hereto as Exhibit C.

It is of great importance to eliminate any confusion these opt-in Plaintiffs may have regarding who, if anyone, is representing their interests in this case. These are unsophisticated workers with little to no knowledge regarding the litigation process. Moreover, it is believed that many of the workers are non-English speaking immigrants with no knowledge of our legal system. Sending notice to these opt-in Plaintiffs that they are currently unrepresented in this matter is vital, especially if they assume that my firm is actively representing them.

Accordingly, Plaintiffs' counsel respectfully requests permission to send the attached letter to all Pro Se Plaintiffs within fifteen (15) days of the Court's approval of the letter.[1]

                                      Respectfully submitted,

                                      _____/s/_____
                                      LaDonna M. Lusher (LL1283)

cc:      Nils Shilito, Esq. (via ECF)

---

[1] I spoke with counsel for Defendants prior to electronically filing this application, and informed him of our request. However, Defense counsel has not had an opportunity to review our application prior to its electronic filing. While Defense counsel did not take a position on our application during our telephone conference, he requested he be allowed time to provide the Court with a response should Defendants decide a response is warranted.